L<small>AKE</small> C<small>OUNTY</small> B<small>AR</small> A<small>SSOCIATION</small> *v.* O<small>STRANDER</small>.

(D. D. No. 74-11—Decided February 5, 1975.)

*Mr. Henry D. Rand, Jr.*, and *Mr. Dennis M. Callahan*, for relator.

*Mr. Edward C. Redmond*, for respondent.

*Per Curiam.* We have examined the record of the testimony taken at the hearing before the Board of Commissioners on Grievances and Discipline and the exhibits presented by both relator and respondent. After a careful analysis of the evidence, this court agrees that the record amply supports the findings of the board that respondent has violated the provisions of Canon 1, DR 1-102(A)(3), (4) and (6), in that he engaged in illegal conduct involving moral turpitude, dishonesty and fraud, which adversely reflects on his fitness to practice law, and Canon 6, DR 6-101(A)(3), in that he clearly neglected legal matters entrusted to him.

In addition, this court finds that respondent has violated the provisions of Canon 2, DR 2-106(A), in that he collected a clearly excessive fee, and Canon 7, DR 7-101 (A)(3), in that he damaged his client during the course of the professional relationship.

The foregoing violations, individually and collectively, constitute misconduct as defined in Gov. R. V(5)(a).

We come now to the recommendation of the board that respondent be suspended for an indefinite period from the practice of law.

In oral argument before this court, counsel for relator explained the basis for its recommendation that indefinite suspension be the degree of discipline imposed. Counsel conceded that the misconduct involved fraud and moral turpitude and had resulted in serious harm to a client and to the legal profession, but advised that respondent's prior "unblemished record" and the cessation of respondent's

"drinking problem" had been considered in arriving at the board's recommendation as to the degree of discipline to be imposed.

We do not agree that those two factors lessen the impact of respondent's flagrant violations of Canons 1, 2, 6 and 7. A client has been grievously injured and the integrity of the legal profession has been brought into question.* Respondent charged and received grossly excessive fees in the sum of $15,800. By order of the court he executed a cognovit note to repay those fees, a court ordered him to repay those fees, and, upon being convicted for converting those fees, respondent was given a suspended sentence in a judgment ordering him to make restitution. However, respondent has yet to make an initial payment in satisfaction of that obligation.

In addition, respondent's client incurred substantial penalties and interest charges as a result of respondent's failure to timely file tax returns. Nowhere in this record does respondent specifically recognize an obligation to make his client whole with regard to tax penalties and charges caused by him.

In view of the foregoing, it is the judgment of this court, pursuant to Gov. R. V(6)(a), that respondent, Edward R. Ostrander, be permanently disbarred from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

*"[I]n the last analysis it is the desire for the respect and confidence of the members of his profession and of the society which he serves that should provide to a lawyer the incentive for the highest possible degree of ethical conduct. The possible loss of that respect and confidence is the ultimate sanction. So long as its practitioners are guided by these principles, the law will continue to be a noble profession. This is its greatness and its strength, which permit of no compromise." Preamble to the Code of Professional Responsibility, as adopted by the American Bar Association