OFFICE OF DISCIPLINARY COUNSEL *v.* NOTHSTEIN.

[Cite as Disciplinary Counsel *v.* Nothstein (1986), 21 Ohio St. 3d 108.]

(D.D. No. 85-35—Decided January 15, 1986.)

*Angelo J. Gagliardo,* disciplinary counsel, and *Karen B. Hull,* for relator.

*Per Curiam.* It is well-established by this court that embezzlement of funds is demonstrative of sufficient moral turpitude to justify disbarment. *Bar Assn.* v. *McGarry* (1979), 60 Ohio St.2d 168 [14 O.O.3d 406]; *Lake County Bar Assn.* v. *Ostrander* (1975), 41 Ohio St.2d 93 [70 O.O.2d 173]. Such a determination, however, is neither lightly nor automatically imposed. See, *e.g., Reinstatement of Rasor* (1974), 40 Ohio St. 2d 25 [69 O.O.2d 127] (mitigating circumstances offered with a finding that petitioner had rehabilitated himself to justify readmission to the bar).

In the present cause respondent's apparent reluctance to offer mitigation on his own behalf, or to appear before the panel, does not help his position. A review of the record supports the board's findings and recommendation which we adopt in their totality.

It is the judgment of this court that respondent be permanently disbarred from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.