MAHONING COUNTY BAR ASSOCIATION *v.* MICHAELS.

[Cite as *Mahoning Cty. Bar Assn. v. Michaels*
(1996), 75 Ohio St.3d 645.]

(No. 96–433—Submitted April 15, 1996—Decided June 26, 1996.)

646

*William Marshall* and *Donald P. Leone,* for relator.

*Per Curiam.* Our ethical standards explicitly require that having undertaken representation, a lawyer should use proper care to safeguard the interests of his client. In all three instances which are the subject of the relator's complaint, clients placed their trust and confidence in the respondent, and respondent, by neglecting their interests, betrayed that trust. To compound these violations, in one instance respondent transferred his client's property to a purchaser and either did not receive the purchase price, or did receive it and failed to distribute the funds to the mortgagee and to his client with the result that respondent's client has lost his property and remains liable on the mortgage debt. The appropriate sanction for neglect of duty and misappropriation of client funds is disbarment. See *Disciplinary Counsel v. Connaughton* (1996), 75 Ohio St.3d 644, 665 N.E.2d 675; *Greater Cleveland Bar Assn. v. McGarry* (1979), 60 Ohio St.2d 168, 14 O.O.3d 406, 398 N.E.2d 560; *Lake Cty. Bar Assn. v. Ostrander* (1975), 41 Ohio St.2d 93, 70 O.O.2d 173, 322 N.E.2d 653; *Ohio State Bar Assn. v. Weaver* (1975), 41 Ohio St.2d 97, 70 O.O.2d 175, 322 N.E.2d 665; *Mahoning Cty. Bar Assn. v. Alexander* (1970), 22 Ohio St.2d 22, 51 O.O.2d 40, 257 N.E.2d 369.

We adopt the findings and conclusions of the board, but find that a sanction more severe than indefinite suspension is warranted in this case. We therefore order respondent disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, COOK and STRATTON, JJ., concur.

RESNICK, F.E. SWEENEY and PFEIFER, JJ., dissent and would indefinitely suspend respondent.