[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 645.]

MAHONING COUNTY BAR ASSOCIATION *v*. MICHAELS.

[Cite as *Mahoning Cty. Bar Assn. v. Michaels*, 1996-Ohio-442.]

*Attorneys at law—Misconduct—Permanent disbarment—Neglect of an entrusted legal matter—Failure to promptly pay or deliver to client funds which the client is entitled to receive—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.*

(No. 96-433—Submitted April 15, 1996—Decided June 26, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-56.

———————————

{¶ 1} We have before us the recommendation of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio ("board"), based upon the findings of its panel, that the respondent, Joseph T. Michaels of Youngstown, Ohio, Attorney Registration No. 0019397, be indefinitely suspended from the practice of law in Ohio.

{¶ 2} On August 15, 1994 , relator, Mahoning County Bar Association, filed a complaint against the respondent alleging three separate acts of misconduct which violated DR 6-101(A)(3) (neglect a legal matter entrusted to him), and one of which also violated 9-102 (B)(4) (promptly pay or deliver to the client funds, securities, or other properties which the client is entitled to receive) and 1-102(A)(4) (engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 3} Count I of the complaint alleged that Gary Fiorini hired respondent and paid him $593.63 to perform legal services in the sale of real estate, but respondent never performed these services. Count II of the complaint alleged that respondent agreed to represent James Romeo in preparing and recording documents

relating to obtaining title to property, but respondent failed to perform these services. Count III alleged that after Samuel Letizia engaged respondent to represent him in the sale of his business for $50,000, respondent had the property transferred to the purchaser but failed to pay the mortgagee and other claimants and transmit the balance of the proceeds to Letizia.

{¶ 4} Relator twice attempted to serve respondent with the complaint by mail, but these efforts were unsuccessful because respondent had moved and left no forwarding address. Relator then served the Clerk of the Ohio Supreme Court and thereafter filed a motion for a default judgment against the respondent. After respondent failed to reply to the motion, the panel found that relator had made a reasonable and diligent effort to contact respondent and had complied with all the requirements regarding default. The panel further found that there was no explanation for respondent's conduct or any evidence of mitigating circumstances, and that the Disciplinary Rules were violated as alleged. The board adopted the panel's findings, conclusions of law, and recommendation.

_____

*William Marshall* and *Donald P. Leone*, for relator.

_____

*Per Curiam.*

{¶ 5} Our ethical standards explicitly require that having undertaken representation, a lawyer should use proper care to safeguard the interests of his client. In all three instances which are the subject of the relator's complaint, clients placed their trust and confidence in the respondent, and respondent, by neglecting their interests, betrayed that trust. To compound these violations, in one instance respondent transferred his client's property to a purchaser and either did not receive the purchase price, or did receive it and failed to distribute the funds to the mortgagee and to his client with the result that respondent's client has lost his property and remains liable on the mortgage debt. The appropriate sanction for

neglect of duty and misappropriation of client funds is disbarment.    See *Disciplinary Counsel v. Connaughton* (1996), 75 Ohio St.3d 644, 665 N.E.2d 675; *Greater Cleveland Bar Assn. v. McGarry* (1979), 60 Ohio St.2d 168, 14 O.O.3d 406, 398 N.E.2d 560; *Lake Cty. Bar Assn. v. Ostrander* (1975), 41 Ohio St.2d 93, 70 O.O.2d 173, 322 N.E.2d 653; *Ohio State Bar Assn. v. Weaver* (1975), 41 Ohio St.2d 97, 70 O.O.2d 175, 322 N.E.2d 665;  *Mahoning Cty. Bar Assn. v. Alexander* (1970), 22 Ohio St.2d 22, 51 O.O.2d 40, 257 N.E.2d 369.

**{¶ 6}** We adopt the findings and conclusions of the board, but find that a sanction more severe than indefinite suspension is warranted in this case. We therefore order respondent disbarred from the practice of law in Ohio.  Costs taxed to respondent

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, COOK and STRATTON, JJ., concur.

RESNICK, F.E. SWEENEY AND PFEIFER, JJ., dissent and would indefinitely suspend respondent.

———————————