[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 644.]

OFFICE OF DISCIPLINARY COUNSEL *v*. CONNAUGHTON.

[Cite as *Disciplinary Counsel v. Connaughton*.]

*Attorneys at law—Misconduct—Permanent disbarment—Misappropriation of client funds—Neglect of duties as executor of an estate—Ignoring orders of probate court and Supreme Court.*

(No. 96-431—Submitted April 15, 1996—Decided June 26, 1996.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-43.

————————

{¶ 1} Between March 8, 1993 and July 26, 1994, respondent, Daniel E. Connaughton of Hamilton, Ohio, Attorney Registration No. 0033821, embezzled approximately $27,000 while serving as executor of the Estate of Dale B. Cepluch of Butler County. Respondent also caused the estate to incur a tax penalty of $12,375.70 by failing to file an income tax return and pay the appropriate tax, apparently failed to appear at a hearing to show cause why he should not be removed, and failed to file a timely inventory, timely accounts, and a final accounting after he had been removed as executor. The probate court found respondent in contempt and granted judgment against him, ordering him to pay the estate $21,962 and to pay the IRS penalty.

{¶ 2} On November 7, 1994, after respondent pled guilty to felony drug abuse, the court of common pleas fined respondent $1500 and sentenced him to eighteen months in prison, but stayed imprisonment provided respondent complied with a term of probation of five years. On December 1, 1994, we indefinitely suspended respondent from the practice of law. Respondent subsequently failed to file an Affidavit of Compliance as we had ordered and was found to be in contempt.

**{¶ 3}** On September 20, 1995, Office of Disciplinary Counsel, relator, filed an amended complaint against respondent alleging that his conviction for drug abuse was evidence that respondent violated DR 1-102(A)(3) (illegal conduct involving moral turpitude) and 1-102(A)(6) (conduct adversely reflecting on his fitness to practice law). As a result of respondent's activities as attorney for the Cepluch Estate, relator also charged respondent with violating DR 9-102(A) (failing to maintain client funds in a separate identifiable account), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation), and 1-102(A)(6) (engaging in conduct that adversely reflects upon his fitness to practice law).

**{¶ 4}** A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") sent mailings to three separate addresses to notify respondent of the filing of the complaint, the service of the complaint, and the notice of formal hearing. The postal service returned all documents as undeliverable. Respondent failed to answer and failed to appear at the hearing on the complaint. As a result of a December 21, 1995 hearing, the panel recommended that respondent be indefinitely suspended. The board adopted the panel's findings, conclusions of law, and recommendation.

––––––––––––––––––

*Geoffrey Stern*, Disciplinary Counsel and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

––––––––––––––––––

*Per Curiam.*

**{¶ 5}** We adopt the findings and conclusions of law of the board but disagree with its recommendation. We have consistently held that misappropriation of client funds is an egregious violation of a lawyer's ethical responsibilities and an appropriate sanction for such breach of trust is disbarment.

*Greater Cleveland Bar Assn. v. McGarry* (1979), 60 Ohio St.2d 168, 14 O.O.3d 406, 398 N.E.2d 560; *Lake Cty. Bar Assn. v. Ostrander* (1975), 41 Ohio St.2d 93, 70 O.O.2d 173, 322 N.E.2d 653; Ohio *State Bar Assn. v. Weaver* (1975), 41 Ohio St.2d 97, 70 O.O.2d 175, 322 N.E.2d 665; *Mahoning Cty. Bar Assn. v. Alexander* (1970), 22 Ohio St.2d 22, 51 O.O.2d 40, 257 N.E.2d 369.  We continue to adhere to that standard.  Moreover, respondent has neglected his duties as executor of  an estate and ignored the orders of the probate court and this court.  Therefore, we order respondent disbarred from the practice of law in Ohio.  Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____