MIAMI COUNTY BAR ASSOCIATION *v.* HALLOWS.

[Cite as *Miami Cty. Bar Assn. v. Hallows* (1997), 78 Ohio St.3d 75.]

76

(No. 96–2429—Submitted December 11, 1996—Decided March 26, 1997.)

*Roger Luring,* for relator.

*De Wayne Smith,* for respondent.

---

*Per Curiam.* Public trust in the legal profession is tested daily in the service provided by each individual lawyer to his or her clients. When a lawyer, who has taken responsibility for a client's papers or property, commingles client funds or dissipates that property, that lawyer not only ill serves the client but also contributes to the erosion of public trust in the profession. *Columbus Bar Assn. v. Brooks* (1996), 75 Ohio St.3d 524, 664 N.E.2d 900.

This disciplinary proceeding involves a respondent whose clients expected him to promptly remit settlement funds and to handle estate funds with the utmost care. Respondent not only failed to remit client funds promptly when requested but also filed false reports with the probate court and misappropriated moneys in two guardianship estates.

Respondent has received criminal penalties for his fraud and defalcation. It is our duty not to punish further for these infractions but, as required by our power of superintendence of the practice and profession of law in this state, to determine whether and on what conditions respondent should remain on the roll of those attorneys permitted to practice in Ohio.

During the past year we have said at least three times that the appropriate sanction for misappropriation of client funds is disbarment. *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167, 672 N.E.2d 633, 635; *Mahoning Cty. Bar Assn. v. Michaels* (1996), 75 Ohio St.3d 645, 647, 665 N.E.2d 676, 677; *Disciplinary Counsel v. Connaughton* (1996), 75 Ohio St.3d 644, 645, 665 N.E.2d 675, 676. This is not a new sanction. We have imposed this penalty for at least twenty-two years. Cf. *Lake Cty. Bar Assn. v. Ostrander* (1975), 41 Ohio St.2d 93, 70 O.O.2d 173, 322 N.E.2d 653.

In this case the board found mitigating circumstances and recommended a penalty of indefinite suspension. In a recent similar case which could otherwise have warranted disbarment, we gave weight to the attorney's sincere attempt to overcome his alcoholism and the board's recommendation of leniency. *Cuyahoga Cty. Bar Assn. v. Keeler* (1996), 76 Ohio St.3d 471, 475, 668 N.E.2d 471, 474. For a similar reason, we adopt the recommendation of the board and the respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to the respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

MOYER, C.J., and PFEIFER, J., not participating.

COOK, J., dissenting. The thefts by this respondent involve a level of volition that, in my view, is unmitigated by his addiction to alcohol. I would, therefore, disbar respondent.