[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 189.]

TOLEDO BAR ASSOCIATION *v*. BATT.

[Cite as *Toledo Bar Assn. v. Batt*, 1997-Ohio-222.]

*Attorneys at law—Misconduct—Permanent disbarment—Padding client bills with hours not worked—Lying to Ohio Department of Liquor Control on several occasions in order to obtain an assignment of a liquor license for the village of Holland—Engaging in contemptuous, undignified, and discourteous conduct toward the Ohio Hazardous Waste Facility Board hearing panel, opposing counsel, and witnesses, while representing city of Oregon as city solicitor.*

(No. 96-1436—Submitted January 8, 1997—Decided April 16, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 90-66.

————————————

{¶ 1} In December 1990 relator, Toledo Bar Association, filed a complaint before the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") charging respondent, Nicholas D. Batt of Toledo, Ohio, Attorney Registration No. 0002291, in one count with violation of three Disciplinary Rules with respect to the legal bills he tendered to the city of Oregon and the village of Holland from March 1988 through December 1988. In another count relator alleged that respondent violated a Disciplinary Rule in his handling his client's trust account in July 1987. Respondent answered, stating that any erroneous billings sent to the governmental agencies were unintentional and that the treatment of the trust account did not violate the Disciplinary Rules.

{¶ 2} In September 1991, relator filed an amended complaint charging respondent with a third additional count alleging violations of six Disciplinary Rules in connection with an application for a liquor permit and in a fourth count

with violating thirteen Disciplinary Rules in connection with his appearance before the Ohio Hazardous Waste Facility Board.

{¶ 3} Commencing on March 22, 1993, respondent was tried in common pleas court on an eight-count indictment charging theft in office and grand theft from March through December 1988, while respondent was an official of the city of Oregon and the village of Holland. On March 29, 1993, respondent was found guilty of three counts of theft in office in violation of R.C. 2921.41(A)(2) and one count of grand theft in violation of R.C. 2913.02(A), ordered to pay restitution of $18,580 to the two governmental agencies, and sentenced to two years' imprisonment on each count with the sentences to run concurrently. The trial judge, however, suspended the prison sentences and placed respondent on probation with certain conditions. On May 26, 1993, pursuant to Gov.Bar R. V(5)(A)(2) and (A)(3), we indefinitely suspended respondent from the practice of law in Ohio. *In re Batt* (1993), 66 Ohio St.3d 1491, 612 N.E.2d 1246.

{¶ 4} Based upon respondent's convictions in the common pleas court, relator filed a second amended complaint in May 1993, adding a fifth count alleging five additional disciplinary violations. Respondent filed an answer to the second amended complaint, and in September 1993, the parties entered into "Stipulations of Fact and Conclusions of Law."

{¶ 5} After a hearing, the panel found with respect to count one that in representing the city of Oregon and the village of Holland, respondent padded his bills by increasing the time billed above the amount of time he actually worked and thus violated DR 2-106(A) (collecting an illegal or clearly excessive fee), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law).

{¶ 6} With respect to count three, the panel first found that respondent, while attorney for the village of Holland, made numerous misrepresentations from

March 1988 through August 1990, intending to deceive and mislead the Ohio Department of Liquor Control in order to obtain an assignment of a liquor license for the village. The panel stated that respondent should have been aware that applications for liquor permits may not be assigned. The panel then found that respondent made additional misrepresentations to obtain a liquor license for the village. The panel concluded that respondent violated DR 1-102(A)(4), 1-102(A)(6), 6-101(A)(1) (handling a legal matter which he knew or should have known he was not competent to handle), 7-102(A)(3) (concealing or failing to disclose that which he was required by law to disclose in representing a client), and 7-102(A)(5) (knowingly making a false statement of law or fact).

{¶ 7} The panel found with respect to count four that while representing the city of Oregon as city solicitor before the Ohio Hazardous Waste Facility Board, respondent engaged in undignified or discourteous conduct degrading to the hearing panel, opposing counsel, or witnesses. This conduct included using insulting or intemperate language, as well as shouting or screaming at, arguing with, or otherwise harassing the hearing panel, opposing counsel, or witnesses. The respondent publicly called the presiding judge a "marginal incompetent," and implied that panel members bought their appointments, were biased, and were responding to political measures. The panel found that respondent's actions violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6), 7-101(A)(1) (failing to avoid offensive tactics and failing to treat with courtesy and consideration all persons involved in the legal process), 7-102(A)(1) (asserting a position, conducting a defense, or taking an action on behalf of a client knowing that such action would merely serve to harass or maliciously injure another), 7-102(A)(5), 7-106(C)(1) (when appearing in a professional capacity before a tribunal alluding to matters which respondent had no reasonable basis to believe were relevant to the case), 7-106(C)(2) (when appearing before a tribunal in a professional capacity asking questions that one has no reasonable basis

to believe are relevant to the case and are intended to degrade a witness or another person), 7-106(C)(3) (when appearing before a tribunal in a professional capacity asserting personal knowledge of facts in issue), 7-106(C)(6) (when appearing before a tribunal in a professional capacity engaging in undignified or discourteous conduct which is degrading to the tribunal), 7-107(A) (making a statement during the pendency of an administrative proceeding that a reasonable person would expect to be disseminated by means of public communication, outside the course of the proceedings, which was reasonably likely to interfere with a fair hearing), and 8-102(B) (knowingly making false accusations against a judge or an adjudicatory officer).

{¶ 8} Finally, with respect to count five relating to respondent's criminal conviction, the panel found that respondent violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), and 1-102(4), 1-102(A)(5), 1-102(A)(6), and 7-102(A)(8) (knowingly engaging in illegal conduct). The panel dismissed count two relating to a client's trust account.

{¶ 9} Two members of the panel recommended that respondent be disbarred, and one member of the panel recommended an indefinite suspension. On the basis of the panel's findings and conclusions, the board recommended that the respondent be disbarred. After we issued an order to show cause, respondent objected to the board's findings, conclusions, and recommendation. The relator disagreed with respondent's objections.

————————————

*Martin J. Witherell*, *Charles A. Stupsker*, *John N. MacKay* and *Joseph L. Wittenberg,* for relator.

*Charles W. Kettlewell*, for respondent.

————————————

***Per Curiam.***

**{¶ 10}** The appropriate sanction for misappropriation of client funds is disbarment. *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St. 3d 164, 167, 672 N.E.2d 633; 635; *Mahoning Cty. Bar Assn. v. Michaels* (1996), 75 Ohio St.3d 645, 647, 665 N.E.2d 676, 677; *Disciplinary Counsel v. Connaughton* (1996), 75 Ohio St. 3d 644, 645, 665 N.E.2d 675, 676. Here respondent obtained fees by padding client bills with hours not worked. These actions, which were the basis for respondent's criminal conviction for theft in office and grand theft, are equivalent to misappropriation of the funds of a client and alone would warrant respondent's disbarment.

**{¶ 11}** In addition, respondent lied to the Ohio Department of Liquor Control on several occasions. As we said in *Disciplinary Counsel v. Greene* (1995), 74 Ohio St.3d. 13, 16, 655 N.E.2d 1299, 1301, "[this court] cannot permit attorneys who lie either to their clients or to the court to continue practicing law without interruption." See, also, *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190-191, 658 N.E.2d 237, 240.

**{¶ 12}** Moreover, when appearing before the Ohio Hazardous Waste Facility Board, respondent engaged in contemptuous, undignified, and discourteous conduct. We recognize that an attorney must zealously represent his client, but we also recognize that an attorney has a duty to be civil to opposing counsel and the court. Respondent's bullying tactics toward witnesses, opposing counsel, and the board that are revealed in the record of this hearing have no place in our jurisprudence. As we said in *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 373, 667 N.E.2d 1186, 1188, "respect for the law and our legal system is the *sine qua non* of [the] right to continue on the rolls" of those admitted to practice law in Ohio.

**{¶ 13}** Respondent is hereby disbarred. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., TYACK, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

G. GARY TYACK, J., of the Tenth Appellate District, sitting for DOUGLAS, J.

————————————