CLEVELAND BAR ASSOCIATION *v.* KNOWLTON.

[Cite as *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76.]

(No. 97–1284—Submitted December 3, 1997—Decided February 18, 1998.)

*Harvey Snider* and *Lynn A. McLaughlin,* for relator.

*William T. Doyle,* for respondent.

---

***Per Curiam.*** We adopt the findings and conclusions of the board. In *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240, we said that "[w]hen an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1–102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time." The question before us, then, is an appropriate period of suspension.

Respondent misappropriated client funds. In *Miami Cty. Bar Assn. v. Hallows* (1997), 78 Ohio St.3d 75, 77, 676 N.E.2d 517, 518–519, we said that, absent mitigating circumstances, the appropriate sanction for such misappropriation is disbarment and pointed out that we have so held for at least twenty-two years. In *Hallows,* as in the earlier case of *Cuyahoga Cty. Bar Assn. v. Keeler* (1996), 76 Ohio St.3d 471, 475, 668 N.E.2d 471, 474, we gave weight to an attorney's sincere attempt to overcome the disability which may have caused his problems. In both of those cases we imposed the sanction of indefinite suspension. We impose the same sanction in this case. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.