[This decision has been published in *Ohio Official Reports* at 81 Ohio St.3d 295.]

OFFICE OF DISCIPLINARY COUNSEL *v*. EISENBERG.

[Cite as *Disciplinary Counsel v. Eisenberg*, 1998-Ohio-472.]

*Attorneys at law—Misconduct—Public reprimand—Having secretary trace signature of beneficiaries of a will on the estate inventory and certain vouchers and filing the documents with the Lake County Common Pleas Court.*

(No. 97-2184—Submitted December 10, 1997—Decided March 25, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-54.

_____

{¶ 1} While serving as executor of the estate of Sharon Gabriel in 1994, respondent, Richard David Eisenberg of Lyndhurst, Ohio, Attorney Registration No. 0024121, had his secretary trace the signatures of the beneficiaries of the Gabriel will on the estate inventory and on certain receipt vouchers. The beneficiaries did not authorize the placing of their signatures on the documents or know their signatures were on them. Respondent filed the documents with the Lake County Common Pleas Court.

{¶ 2} On June 17, 1996, relator, Office of Disciplinary Counsel, filed a complaint charging that the acts of respondent violated DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), and 1-102(A)(6) (conduct that adversely reflects upon the fitness to practice law). After respondent filed an answer, the parties stipulated to the facts. The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), at which time it received testimony and character letters in mitigation.

**{¶ 3}** The panel found the facts as alleged and further found that respondent's action was an isolated incident in his career, that no party suffered financial loss as a result of respondent's actions, that the inventory was not challenged as inaccurate, that respondent had the signatures signed as a convenience to the parties, that he had no intent to defraud, and that the signatures were not under oath. The panel concluded that respondent had violated DR 1-102(A)(4), (5), and (6), and recommended that respondent receive a public reprimand. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Richard D. Eisenberg, pro se*.

_____

**Per Curiam.**

**{¶ 4}** After review of the record, we adopt the findings and conclusions of the board. We said in *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240, and recently repeated in *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 689 N.E.2d 538, and *Disciplinary Counsel v. Bandy* (1998), 81 Ohio St.3d 291, 690 N.E.2d 1280, "[w]hen an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1-102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time." But, as the board found here, respondent's action was an isolated incident in an otherwise unblemished legal career and not a course of conduct. We therefore adopt the recommendation of the board. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____