CINCINNATI BAR ASSOCIATION *v.* ARNOLD.

[Cite as *Cincinnati Bar Assn. v. Arnold* (1999), 85 Ohio St.3d 294.]

(No. 98–2663—Submitted February 10, 1999—Decided March 31, 1999.)

*Eagan, Wykoff & Healy Co., L.P.A.,* and *Jack S. Healy; Rendigs, Fry, Kiely & Dennis, L.L.P.,* and *Thomas S. Shore, Jr.,* for relator.

*John H. Burlew,* for respondent.

---

***Per Curiam.*** We adopt the findings and conclusions of the board. In determining the proper sanction, we have held that absent mitigating circumstances, the appropriate sanction for misappropriation of client funds is disbarment. *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 78, 689 N.E.2d 538, 539. In *Miami Cty. Bar Assn. v. Hallows* (1997), 78 Ohio St.3d 75, 77, 676 N.E.2d 517, 519, and *Mahoning Cty. Bar Assn. v. Davis* (1991), 62 Ohio St.3d 37, 577 N.E.2d 1075, we found mitigating circumstances, which included sincere attempts to overcome the alcohol and cocaine addictions that contributed to the misappropriation of client funds, sufficient to warrant indefinite suspension rather than disbarment.

Similarly, we recently held that an attorney's federal bank fraud conviction for misappropriating client funds totaling $230,900 and placing them in his account,

which violated DR 1–102(A)(3), (4), and (6), and 9–102(A) (preserving identity of funds of a client), warranted an indefinite suspension because of mitigating evidence that included the attorney's attendance at alcohol treatment programs. *Disciplinary Counsel v. Sanborn* (1998), 81 Ohio St.3d 282, 690 N.E.2d 1272.

Consistent with the foregoing cases, we are persuaded that an indefinite suspension is the appropriate sanction here. Respondent is hereby indefinitely suspended from the practice of law in Ohio, and he is given credit for time served since his July 9, 1997 interim suspension. Any petition for reinstatement must establish that respondent has remained drug-free and that he has made full restitution to all parties found by a court to be entitled to restitution. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.