[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 224.]

STARK COUNTY BAR ASSOCIATION *v.* LEB.

[Cite as *Stark Cty. Bar Assn. v. Leb*, 1999-Ohio-31.]

*Attorneys at law—Misconduct—Indefinite suspension—Repeated neglect of client matters and misappropriation of client funds.*

(No. 99-1158—Submitted August 25, 1999—Decided November 10, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-25.

_____

{¶ 1} In January 1995, respondent, Gerald P. Leb of Canton, Ohio, Attorney Registration No. 0014971, filed a lawsuit on behalf of Bruce Bleiman in the Summit County Court of Common Pleas. At trial, respondent appeared and announced that Bleiman was not present and that respondent's mental disability prevented him from being prepared to proceed. The magistrate entered judgment against Bleiman on the complaint and granted the defendant a default judgment as to liability on the counterclaim.

{¶ 2} In March 1995, respondent filed a complaint in Canton Municipal Court on behalf of Dennis Stargen. After the case was scheduled for trial, respondent informed the court that he would not appear for trial and that the case would be dismissed. The court dismissed the case for failure to prosecute, after advising respondent that it would do so if respondent did not prepare an entry of dismissal or if the parties failed to appear. In July 1996, respondent informed Stargen that he had dismissed the case without Stargen's permission and admitted that he might be subject to a disciplinary grievance or legal malpractice proceeding.

{¶ 3} In November 1995, James Nichols retained respondent to represent him in an employment matter. Respondent filed suit on behalf of Nichols in the Wayne County Court of Common Pleas, and the case was scheduled for a jury trial

to begin on April 21, 1997. Respondent did not take any depositions during the pending case, failed to appear for trial, and notified neither the court nor his client of his absence. In May 1997, the case was voluntarily dismissed without prejudice. Respondent later advised the court that he had been suffering from severe personal and psychological difficulties. Respondent ultimately settled Nichols's claim with one of the several defendants in the case for $7,500. Respondent took no fee from this sum, giving the entire amount to Nichols.

{¶ 4} In 1993, Randall Wilt paid respondent $2,500 as a retainer and an additional amount for the filing fee to represent him in a dispute concerning a boat he had purchased. Respondent filed suit on behalf of Wilt in federal district court. Respondent failed, however, to respond to summary judgment and dismissal motions filed by the defendants and failed to communicate to Wilt that the defendants had offered to settle the case for $2,500. In May 1995, the court granted the motions.

{¶ 5} In May 1995, Michael and Kathleen Largent paid respondent a $2,000 retainer and $125 filing fee to represent them on their claims against Green Local School District. The Largents subsequently paid respondent an additional $2,500. Respondent never filed a lawsuit on behalf of the Largents, and although they requested in 1996 that respondent provide them an itemization of his fees, it was not until February 1997 that he produced a statement that reflected charges of $2,031.25. Respondent never returned the balance of the funds due the Largents.

{¶ 6} In February 1996, Ellis and Sandra Lehman paid respondent a $2,000 retainer and a filing fee of $125 to represent them in a claim against two mortgage companies. In December 1996, the Lehmans discharged respondent after he had failed to file a lawsuit on their behalf. Upon request of the Lehmans for a refund of their retainer and filing fee, respondent claimed that the retainer was nonrefundable and that he had performed a significant amount of work on their

behalf, although he was unable to produce any time records. After the Lehmans filed a grievance, respondent refunded the filing fee but not the retainer.

{¶ 7} On April 6, 1998, relator, Stark County Bar Association, filed a six-count complaint charging respondent with violating several Disciplinary Rules, and the matter was subsequently heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 8} The panel found that respondent's conduct violated DR 6-101(A)(3) (neglecting an entrusted legal matter) on the Bleiman, Nichols, Wilt, Largent, and Lehman matters, DR 7-101(A)(2) (failing to carry out an employment contract) on the Stargen, Nichols, Largent, and Lehman matters, 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law) in the Nichols matter, and 2-110(A)(2) (withdrawing from employment without ensuring that the client is not prejudiced) in the Stargen matter.

{¶ 9} In mitigation, the panel found that respondent was sincerely remorseful about his misconduct, that he had cooperated in the disciplinary investigation, and that he intended to make full restitution to his clients. It further found that respondent had an alcohol and drug dependency problem but had been sober since 1995, that he had regularly attended Alcoholics Anonymous meetings, and that he was being treated by a psychologist for depression and anxiety disorders. The parties stipulated that respondent's alcohol and drug abuse as well as his mental disorders had greatly contributed to his inability to competently practice law.

{¶ 10} The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio with his reinstatement contingent on making full restitution to his clients. Respondent agreed that this sanction was appropriate. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Baker, Dublikar, Beck, Wiley & Mathews* and *Ralph F. Dublikar*, for relator.

*John A. Casalinuovo*, for respondent.

_____

**Per Curiam.**

**{¶ 11}** We adopt the findings, conclusions, and recommendation of the board. Respondent's sincere attempts to overcome and treat the substance abuse addiction and mental disorders that contributed to his repeated neglect of client matters and misappropriation of client funds are sufficient to warrant indefinite suspension rather than disbarment. See *Cincinnati Bar Assn. v. Arnold* (1999), 85 Ohio St.3d 294, 295-296, 707 N.E.2d 1104, 1105. Respondent is hereby indefinitely suspended from the practice of law in Ohio and his reinstatement is conditioned on his making full restitution to the Lehmans and the Largents. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____