DISCIPLINARY COUNSEL *v.* NAGORNY.

[Cite *as Disciplinary Counsel v. Nagorny,*
105 Ohio St.3d 97, 2004-Ohio-6899.]

(No. 2004–1407—Submitted October 12, 2004—Decided December 22, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Edward Jerry Nagorny of Cleveland, Ohio, Attorney Registration No. 0043882, was admitted to the practice of law in Ohio in 1990. On December 8, 2003, relator, Disciplinary Counsel, charged respondent with having violated the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based on stipulated facts, stipulated misconduct, and other evidence, made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

### Misconduct

{¶ 2} On August 26, 1999, respondent applied to the Cuyahoga County Probate Court to be appointed guardian of a woman who had become incompetent. On September 23, 1999, the court appointed respondent guardian. In accepting his fiduciary duties, respondent agreed to account for the estate assets, to expend funds only upon written approval of the probate court, and to prepare and file proper accounts.

{¶ 3} In December 1999, respondent filed an inventory that listed the value of the estate to be over $238,469. Also in December 1999, the court approved respondent's request for over $6,000 in attorney fees.

{¶ 4} From October 2000 through July 2001, while acting as guardian, respondent made four withdrawals, totaling $141,000, from his client's estate. None of these withdrawals was approved by the probate court. He deposited these funds

into his personal bank account and used them to purchase stocks and other investments in his own name.

{¶ 5} Respondent claims that he intended to profitably invest the funds, repay his client's estate along with the interest she would have earned if her money had remained in the bank, and keep any extra earnings himself. Respondent testified that each time he had made an unapproved withdrawal, he noted the current interest rate that the bank was paying. Respondent claims that with this information, he planned to calculate the interest his client should have earned on her money.

{¶ 6} In October 2001, the probate court ordered respondent to file an accounting of the estate assets. In January 2002, respondent's client died testate. At the time of her death, only $6,008.96 remained in her accounts.

{¶ 7} In June 2002, an attorney hired by the executor of the estate found irregularities in respondent's accounting and subpoenaed the bank for records of the client's accounts. The bank records showed that respondent had misappropriated $141,000 from the client's estate.

{¶ 8} Following his client's death, respondent borrowed money extensively from family and friends and repaid the entire $141,000 to her estate. In addition, respondent paid $7,763 in interest to the estate.

{¶ 9} The board found clear and convincing evidence that respondent had violated DR 1–102(A)(4) (an attorney shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (an attorney shall not engage in conduct prejudicial to the administration of justice), 1–102(A)(6) (an attorney shall not engage in conduct that adversely reflects on his fitness to practice law), 7–102(A)(3) (an attorney shall not conceal or knowingly fail to disclose information he is required by law to disclose), 9–102(B)(3) (an attorney shall maintain complete records of all funds, securities, and other properties of a client in his possession), and 9–102(B)(4) (when requested by his client, an attorney shall promptly pay or deliver funds, securities, or other properties in his possession, that the client is entitled to receive).

## Sanction

{¶ 10} In recommending a sanction for respondent's misconduct, the board reviewed the mitigating and aggravating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. As aggravating factors, the board found that respondent had acted from dishonest and selfish motives. The board also considered the vulnerability of respondent's client but noted that there was no evidence of actual harm to the client, inasmuch as respondent had made full restitution.

{¶ 11} In mitigation, the board found that respondent had no prior disciplinary record. The board also found that respondent had repaid his client's estate with interest. Respondent also made full disclosure to the board and was extremely cooperative during the disciplinary process.

{¶ 12} In addition, the board relied on the testimony of respondent's long-time friend and former co-worker, who testified that respondent had excellent character. The board was also convinced that respondent was deeply ashamed of and remorseful about his misconduct and that his behavior was completely out of character.

{¶ 13} Relator suggested disbarment for respondent's misconduct. Respondent suggested that his license to practice be suspended for two years.

{¶ 14} In cases of misappropriation by attorneys, we have ordinarily imposed the strictest discipline available—disbarment. See *Lake Cty. Bar Assn. v. Ostrander* (1975), 41 Ohio St.2d 93, 70 O.O.2d 173, 322 N.E.2d 653; *Cleveland Bar Assn. v. Belock* (1998), 82 Ohio St.3d 98, 100, 694 N.E.2d 897; and *Disciplinary Counsel v. Romaniw* (1998), 83 Ohio St.3d 462, 700 N.E.2d 858. However, where significant evidence of mitigation is presented, we have tempered that sanction and imposed an indefinite suspension. See, e.g., *Miami Cty. Bar Assn. v. Hallows* (1997), 78 Ohio St.3d 75, 676 N.E.2d 517 (alcohol-dependent attorney indefinitely suspended for misappropriating client funds. Readmission predicated on repayment of funds), and *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 689 N.E.2d 538 (attorney indefinitely suspended for misappropriating client funds when mitigating evidence, including restitution, was shown).

{¶ 15} The mitigation in this case—respondent's prompt restitution and sincere remorse and the character-reference letters submitted in behalf of respondent, which reveal that respondent has many redeeming qualities and is unlikely to engage in misconduct again—convinced the board to recommend that respondent be suspended from the practice of law indefinitely.

{¶ 16} We agree that respondent violated DR 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 7–102(A)(3), 9–102(B)(3), and 9–102(B)(4), as found by the board, and that an indefinite suspension is appropriate for the reasons stated by the board. Respondent is therefore indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., concur.

O'CONNOR, J., dissents and would permanently disbar respondent.

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

Koblentz & Koblentz, Richard S. Koblentz, Bryan L. Penvose, and Craig J. Morice, for respondent.