CINCINNATI BAR ASSOCIATION *v.* SCHULTZ ET AL.

[Cite as *Cincinnati Bar Assn. v. Schultz* (1994), 71 Ohio St.3d 383.]

(No. 94–1796—Submitted October 24, 1994—Decided December 30, 1994.)

*Gates T. Richards, Thomas M. Tepe, Naomi Dallob* and *E. Hanlin Bavely,* for relator.

*Santen & Hughes* and *William E. Santen; Helmer, Lugbill, Martins & Neff* and *James B. Helmer, Jr.,* for respondents.

*Per Curiam.* We have reviewed the record submitted by the parties and concur in the board's findings of misconduct and recommended sanction. Our decision to hold the majority shareholder of a legal professional association vicariously responsible for the disciplinary offenses of attorneys employed by the association is specifically authorized by Gov.Bar. R. III(3)(C), which states:

"A breach of * * * [any duty imposed by the Supreme Court Rules for the Government of the Bar or the Code of Professional Responsibility] on the part of the [legal professional] association shall be considered a breach upon the part of the individual participating in the breach and the shareholder, director, and officer having knowledge of the breach."

The misconduct committed in this case resulted either from policies imposed by D.C. Schultz's majority shareholder or from her specific instruction. Donna C. Schultz is therefore suspended from the practice of law in Ohio for two years; however, one year of that period is suspended on the condition that she satisfactorily complete one year of supervised probation in accordance with the guidelines stated by the panel's report. Costs taxed to respondent Schultz.

*Judgment accordingly.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.