TOLEDO BAR ASSOCIATION *v.* BATT.

[Cite as *Toledo Bar Assn. v. Batt* (1997), 78 Ohio St.3d 189.]

(No. 96–1436—Submitted January 8, 1997—Decided April 16, 1997.)

190

*Martin J. Witherell, Charles A. Stupsker, John N. MacKay* and *Joseph L. Wittenberg,* for relator.

*Charles W. Kettlewell,* for respondent.

---

*Per Curiam.* The appropriate sanction for misappropriation of client funds is disbarment. *Columbus Bar Assn. v. Sterner* (1996), 77 Ohio St.3d 164, 167, 672 N.E.2d 633, 635; *Mahoning Cty. Bar Assn. v. Michaels* (1996), 75 Ohio St.3d 645, 647, 665 N.E.2d 676, 677; *Disciplinary Counsel v. Connaughton* (1996), 75 Ohio St.3d 644, 645, 665 N.E.2d 675, 676. Here respondent obtained fees by padding client bills with hours not worked. These actions, which were the basis for respondent's criminal conviction for theft in office and grand theft, are equivalent to misappropriation of the funds of a client and alone would warrant respondent's disbarment.

In addition, respondent lied to the Ohio Department of Liquor Control on several occasions. As we said in *Disciplinary Counsel v. Greene* (1995), 74 Ohio St.3d 13, 16, 655 N.E.2d 1299, 1301, "[this court] cannot permit attorneys who lie either to their clients or to the court to continue practicing law without interruption." See, also, *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190–191, 658 N.E.2d 237, 240.

Moreover, when appearing before the Ohio Hazardous Waste Facility Board, respondent engaged in contemptuous, undignified, and discourteous conduct. We recognize that an attorney must zealously represent his client, but we also recognize that an attorney has a duty to be civil to opposing counsel and the court. Respondent's bullying tactics toward witnesses, opposing counsel, and the board that are revealed in the record of this hearing have no place in our jurisprudence. As we said in *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 373, 667 N.E.2d 1186, 1188, "respect for the law and our legal system is the *sine qua non* of [the] right to continue on the rolls" of those admitted to practice law in Ohio.

Respondent is hereby disbarred. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., TYACK, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

G. GARY TYACK, J., of the Tenth Appellate District, sitting for DOUGLAS, J.