OFFICE OF DISCIPLINARY COUNSEL *v.* NICHOLSON.

[Cite as *Disciplinary Counsel v. Nicholson* (1997), 80 Ohio St.3d 275.]

(No. 93–391—Submitted April 16, 1997—Decided November 19, 1997.)

*Jonathan E. Coughlan,* Disciplinary Counsel, *Lori J. Brown* and *Cynthia L. Roehl,* Assistant Disciplinary Counsel, for relator.

*Thomas G. Nicholson, pro se.*

***Per Curiam.*** Paragraph EC 7–36 of our Ethical Considerations provides that "[j]udicial hearings ought to be conducted through dignified and orderly procedures designed to protect the rights of all parties. Although a lawyer has the duty to represent his client zealously, he should not engage in any conduct that offends the dignity and decorum of the proceedings." EC 7–37 provides, "In adversary proceedings, clients are litigants and though ill feeling may exist between clients, such ill feeling should not influence a lawyer in his conduct, attitude, and demeanor toward opposing lawyers. A lawyer should not make unfair or derogatory personal reference to opposing counsel. Haranguing and offensive tactics by lawyers interfere with the orderly administration of justice and have no proper place in our legal system." In short, as we recently said in *Toledo Bar Assn. v. Batt* (1997), 78 Ohio St.3d 189, 192, 677 N.E.2d 349, 352, "We recognize that an attorney must zealously represent his client, but we also recognize that an attorney has a duty to be civil to opposing counsel and the court."

Whether particular conduct can be found to have been intended to disrupt a tribunal depends upon the setting and all the surrounding circumstances. *United States v. Lumumba* (C.A.2, 1986), 794 F.2d 806. The record in this case demonstrates clearly that respondent has violated the conditions of his probation. Respondent engaged in disruptive courtroom antics in the Taylor case. While he claims that his comment about "a scared, whimpy [*sic*], little girl lawyer" was directed toward himself, his statement in the context of the situation was a clear derogatory reference to the female prosecuting attorney. In the Bell sentencing matter, respondent had no basis whatever for his written accusations that the prosecutor had talked to his client without permission.

We adopt the findings of the panel and its conclusion that respondent has violated his probation. Since respondent's six-month suspension was reinstated on November 21, 1996, respondent has now served the term of his original suspension. Our primary concern is that in his future practice respondent maintain a respectful and civil attitude toward the court and opposing counsel. We order that respondent be reinstated to the practice of law. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., not participating.