[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 275.]

OFFICE OF DISCIPLINARY COUNSEL *v.* NICHOLSON.

[Cite as *Disciplinary Counsel v. Nicholson*, 1997-Ohio-317.]

*Attorneys at law—Misconduct—Original term of suspension served—During probationary period engaging in disruptive courtroom antics and making derogatory reference about female prosecuting attorney—Reinstatement to the practice of law.*

(No. 93-391—Submitted April 16, 1997—Decided November 19, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-41.

———————————

{¶ 1} On June 30, 1993, we suspended respondent, Thomas G. Nicholson of Bucyrus, Ohio, Attorney Registration No. 0039741, from the practice of law in Ohio for six months, with the six-month suspension stayed, and directed that his conduct be monitored by the Crawford County Bar Association for a probationary period of one year. *Crawford Cty. Bar Assn. v. Nicholson* (1993), 66 Ohio St.3d 585, 613 N.E.2d 1025.

{¶ 2} On March 27, 1996, relator, the Office of Disciplinary Counsel of the Supreme Court of Ohio, filed a "Petition for the Revocation of Probation; Reinstatement of Stayed Suspension; and, Citation for Contempt" ("petition") before the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

Procedural Posture of the Case

{¶ 3} The relator's petition alleged that on July 23, 1993, the previous relator, Crawford County Bar Association, had appointed a monitor for respondent's one-year probationary period; that on July 13, 1994, respondent moved for a release from probation; and that the relator, appointed on September

22, 1994 as successor to the previous relator, recommended on May 11, 1995 that respondent's probation with monitoring be continued for one year. The relator based its recommendation upon the fact that the terms of the original probation ordered in 1993 had not been complied with because the monitor appointed by the previous relator declined to accept the appointment, and that respondent knew throughout the original probationary period that he was not being monitored. Moreover, since there was no monitor during that period, there were no monthly monitoring reports on which to base an opinion regarding respondent's progress. On June 22, 1995, we adopted relator's recommendation that respondent's probationary period be extended.

{¶ 4} On November 21, 1996, based on a certified report of a panel of the Board of Commissioners on Grievances and Discipline, we ordered that respondent's probation be revoked and that his six-month suspension be reinstated.

Factual Allegations of the Petition to Revoke Probation

{¶ 5} In its March 27, 1996 petition, the relator charged that while defending Larry Taylor, Sr. in a criminal trial in the common pleas court in September 1995, respondent was argumentative and contentious while cross-examining the prosecution's witnesses; that respondent frequently argued about the court's rulings, always attempting to have the "last word"; that respondent accused the judge of continually making an obscene gesture with his finger during respondent's presentations and questioning; and that respondent was disrespectful to the court and opposing counsel. Respondent reportedly said in court that he would not let his client, Taylor, "go down the tubes because * * * [respondent was not] a scared, whimpy [sic], little girl lawyer," a comment immediately objected to by the female prosecuting attorney. The judge questioned the jury and found that none of them believed he was making an obscene gesture. The judge later removed respondent as defense counsel.

{¶ 6} The relator charged that in January 1996, after appearing at a sentencing hearing defending William E. Ball, Jr. before the same judge and the same opposing prosecuting attorney, respondent wrote to the judge that the prosecuting attorney attempted to make him look "uninformed" in front of his client by offering a last-minute reduction of sentence. Respondent further stated that the prosecuting attorney talked to respondent's client without his permission. The judge held a hearing and found that there was no ground for respondent's accusations.

{¶ 7} The relator also charged that respondent continued to make rude, sexist, and insulting remarks to the prosecutor.

Action by the Panel

{¶ 8} The respondent filed an answer to the relator's petition, and a panel of the board held a hearing on May 7, 1996. The panel found that the respondent had not met his probationary responsibilities. The panel also found that respondent remains unwilling "to discharge his professional duty of zealous representation without resort to arrogant, discourteous, and disrespectful behavior directed at those he apparently perceives, and certainly treats, as enemies in battle. * * * [S]uch conduct on Respondent's part [was] particularly reprehensible as directed against Judge Kimerline, who has, over an extended period of time * * *, repeatedly offered friendly guidance in an effort to help Respondent overcome his distorted view of the adversarial processes of law * * *." With respect to the allegations relating to respondent's conduct towards the prosecuting attorney, the panel found that "[respondent's] overall conduct toward [the prosecuting attorney], and many of his remarks and comments to and about her, [were] * * * unprofessional, discourteous, and highly inappropriate."

{¶ 9} The panel found as a mitigating factor that the previous relator had at first neglected and then abandoned its duties with respect to monitoring the respondent and thereby substantially contributed to the frustration over the initial

disciplinary order. "However, * * * Respondent's conduct * * * occurred primarily after the substitution of Disciplinary Counsel as Relator."

{¶ 10} The panel concluded that respondent was guilty of significant and continuing violations of the conditions of his probation. The panel recommended that respondent's probation be revoked and a six-month suspension be reinstated. Further, it recommended that respondent's practice and professional career be monitored for an additional one-year period after the expiration of his suspension. Finally the panel recommended that three of the conditions for reinstatement should be (1) a public apology to the judge, (2) a public apology to the prosecuting attorney, and (3) the undertaking of appropriate counseling and/or education as approved by Disciplinary Counsel, to help respondent conduct himself in a professional manner both in and out of the courtroom.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel*, Lori J. Brown* and *Cynthia L. Roehl*, Assistant Disciplinary Counsel, for relator.

*Thomas G. Nicholson, pro se.*

_____

***Per Curiam.***

{¶ 11} Paragraph EC 7-36 of our Ethical Considerations provides that "[j]udicial hearings ought to be conducted through dignified and orderly procedures designed to protect the rights of all parties. Although a lawyer has the duty to represent his client zealously, he should not engage in any conduct that offends the dignity and decorum of the proceedings." EC 7-37 provides, "In adversary proceedings, clients are litigants and though ill feeling may exist between clients, such ill feeling should not influence a lawyer in his conduct, attitude, and demeanor toward opposing lawyers. A lawyer should not make unfair or derogatory personal reference to opposing counsel. Haranguing and offensive tactics by lawyers interfere with the orderly administration of justice and have no proper place in our

legal system." In short, as we recently said in *Toledo Bar Assn. v. Batt* (1997), 78 Ohio St.3d 189, 192, 677 N.E.2d 349, 352, "We recognize that an attorney must zealously represent his client, but we also recognize that an attorney has a duty to be civil to opposing counsel and the court."

{¶ 12} Whether particular conduct can be found to have been intended to disrupt a tribunal depends upon the setting and all the surrounding circumstances. *United States v. Lumumba* (C.A.2, 1986), 794 F.2d 806. The record in this case demonstrates clearly that respondent has violated the conditions of his probation. Respondent engaged in disruptive courtroom antics in the Taylor case. While he claims that his comment about "a scared, whimpy [*sic*], little girl lawyer" was directed toward himself, his statement in the context of the situation was a clear derogatory reference to the female prosecuting attorney. In the Bell sentencing matter, respondent had no basis whatever for his written accusations that the prosecutor had talked to his client without permission.

{¶ 13} We adopt the findings of the panel and its conclusion that respondent has violated his probation. Since respondent's six-month suspension was reinstated on November 21, 1996, respondent has now served the term of his original suspension. Our primary concern is that in his future practice respondent maintain a respectful and civil attitude toward the court and opposing counsel. We order that respondent be reinstated to the practice of law. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER,, J., not participating.

————————————