CUYAHOGA COUNTY BAR ASSOCIATION *v.* OKOCHA.

[Cite as *Cuyahoga Cty. Bar Assn. v. Okocha* (1998), 83 Ohio St.3d 3.]

(No. 97–2648—Submitted May 12, 1998—Decided August 12, 1998.)

*Howard A. Schulman* and *Michael E. Murman*, for relator.

*Nwabueze V. Okocha, pro se.*

*Per Curiam.* Respondent has suggested that because he recently filed for bankruptcy in the United States Bankruptcy Court in the Northern District of Ohio, Section 362 of the Bankruptcy Code (Section 362, Title 11, U.S.Code)

6

operates automatically to stay this disciplinary proceeding. This proposition fails. Section 362(b)(4), Title 11, U.S.Code specifically exempts from the bankruptcy stay "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." This court is a governmental unit; our actions to regulate the bar are an exercise of our regulatory power. Cf. *Wade v. State Bar of Arizona* (C.A.9, 1991), 948 F.2d 1122 (holding that a bankruptcy filing does not stay disciplinary proceedings).

We adopt the findings of fact and the conclusions of the board. In each of the three disciplinary matters considered by the board, respondent entered into a contract that provided he receive a fee of forty percent of any money realized and a nonrefundable retainer. In addition, each contract indicated that the client would be responsible for the expenses of the case. It is clear from the contracts and from respondent's dealings with his clients that respondent regarded the nonrefundable retainer as earned upon receipt and that it was not held by respondent as security for fees or for an advance on expenses.

Recently in *Columbus Bar Assn. v. Klos* (1998), 81 Ohio St.3d 486, 692 N.E.2d 565, and earlier in *Cincinnati Bar Assn. v. Schultz* (1994), 71 Ohio St.3d 383, 643 N.E.2d 1139, we criticized earned-upon-receipt retainers. We found such retainers to be appropriate only in very limited circumstances, such as an engagement to remain available and forgo employment by a competitor of the client. Where not made within this narrow limit, an advance payment still may be appropriate to serve as security for the attorney who provides services for a new or financially unstable client.

In these cases, however, respondent met none of these tests. There was no likelihood that the employers would engage respondent to defend against the claims of Hagins, Wilkerson, and Randolph. Because respondent was not required to turn down work from employers that would conflict with his engagement by these clients, the retainers he requested would be appropriate only if they served as advance payments to provide security for respondent. But respondent did not apply the retainers to reduce either his fees or the expenses he incurred. In short, respondent's earned-upon-receipt retainer in each of these cases was unrelated to any legal services he might perform or be precluded from performing. They therefore constituted excessive fees.

Additionally, respondent overstated his expenses and charged clients for expenses that he had not incurred.

As we said in *Toledo Bar Assn. v. Batt* (1997), 78 Ohio St.3d 189, 677 N.E.2d 349, obtaining fees by padding client bills with hours not worked (and in this case by charging for expenses not incurred) is equivalent to misappropriation of the funds of a client and warrants disbarment. Considering this case and respon-

dent's prior discipline, we adopt the recommendation of the board. Respondent is disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.