[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 3.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* OKOCHA.

[Cite as *Cuyahoga Cty. Bar Assn. v. Okocha*, 1998-Ohio-183.]

*Attorneys at law—Misconduct—Disbarment—Charging fees that are clearly excessive—Overstating expenses and charging clients for expenses not incurred.*

(No. 97-2648—Submitted May 12, 1998—Decided August 12, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-111.

———————————

{¶ 1} Respondent, Nwabueze V. Okocha of Cleveland, Ohio, Attorney Registration No. 0025024, was indefinitely suspended from the practice of law on June 8, 1994 for charging a clearly excessive fee, for conduct involving dishonesty, fraud, deceit, or misrepresentation, and for failing to preserve the identity of a client's funds or property. *Cuyahoga Cty. Bar Assn. v. Okocha* (1994), 69 Ohio St.3d 398, 632 N.E.2d 1284.

{¶ 2} On March 4, 1997, relator, Cuyahoga County Bar Association, filed an amended complaint charging that respondent had committed various violations of the Code of Professional Responsibility during the period 1989 through early 1995. Respondent filed his answer, and on May 22, 1997, he filed a motion to dismiss Counts II, III, and IV of the amended complaint, which was denied. On May 27, 1997, respondent filed a complaint in mandamus and prohibition in this court, which we later dismissed *sua sponte*. *State ex rel. Okocha v. Cuyahoga Cty. Bar Assn.* (1997), 79 Ohio St.3d 1412, 679 N.E.2d 1138. A panel of the Board of Commissioners on Grievances and Discipline ("board') heard the matter on May 28, 1997. After closing briefs were filed, the relator filed a motion for leave to file a second amended complaint on July 18, 1997, which was accepted by the panel.

{¶ 3} The panel found with respect to Count I of the second amended complaint that in 1989 respondent agreed to represent Carol Hagins in a case in common pleas court involving assault and battery, and in an employment discrimination case in federal court. Hagins agreed to pay respondent a nonrefundable retainer of $6,000 and, in addition, forty percent of any money she received as well as the expenses of the cases. The common pleas trial resulted in a judgment in favor of Hagins for $10.

{¶ 4} In October 1992, Hagins asked for a breakdown of the expenses incurred by respondent. In May 1993, respondent provided Hagins with an itemization stating that the expenses he incurred on her behalf were $47,212.35. The itemization included amounts paid to Carla Elliott, a law student, and Mary Oluonye, a paralegal, both of whom worked for respondent. The expense itemization also included $11,100 for the employment of four economists as experts. When challenged by Hagins, respondent waived the fee for three of the economists because their services were not used. The one expert who was used, Dr. John Burke, provided a written analysis of Hagins's earning potential, and respondent's itemization indicated that Burke's fee was $4,600. Burke, however, testified that his charge for preparing the Hagins analysis was $2,000 and that it was never paid. Evidence indicated that respondent received a check from Hagins for $2,600 and paid this amount to Burke for work Burke had done in previous cases because Burke would not go forward with the Hagins report until respondent had paid him for his prior reports.

{¶ 5} In addition, respondent's expense itemization included the amount of $11,852.75 for court reporting services. However, the invoices presented to Hagins by respondent to support that amount totaled only $1,707.50.

{¶ 6} Respondent's itemization of expenses did not reflect Hagins's payment of the $6,000 retainer, her payment for the expert witnesses, or other small amounts Hagins paid to respondent. After the common pleas case, Hagins was

awarded $4,100 in reimbursement of appeal costs. Hagins never received the $4,100.

{¶ 7} The panel concluded that the actions of respondent with respect to his client, Hagins, violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), (4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and (6) (engaging in conduct that reflects upon the fitness to practice law).

{¶ 8} With respect to Count II, the panel found that in October 1989 Roger Wilkerson retained respondent to represent him in a wrongful discharge case. After his discharge, Wilkerson received severance pay for three months from his employer and was hired by another company at a $1,500 increase in annual pay. Despite the fact that Wilkerson had no out-of-pocket damages, respondent led Wilkerson to believe that he had a strong case worth several hundred thousand dollars. Respondent and Wilkerson entered into an agreement providing that Wilkerson was to pay respondent an $11,000 nonrefundable retainer, that respondent would receive forty percent of "the amount of money [Wilkerson] received," and that Wilkerson would be responsible for all expenses. Wilkerson paid respondent an $11,000 retainer and $2,500 for the services of a financial expert. No financial expert was ever hired by respondent. After we suspended respondent indefinitely from the practice of law, Wilkerson hired another attorney who settled the federal case for $20,000. On the basis of these facts, the panel concluded that respondent violated DR 2-106(A) (charging a fee that is clearly excessive).

{¶ 9} Count III was withdrawn by relator. With respect to Count IV, the panel found that in October 1992, Ruby Randolph hired respondent to represent her in a discrimination case. Their contract stated that respondent is "willing to invest our time and services * * * for a percentage of the amount of money received and our retainer. The percentage is 40.00. The retainer is $12,000.00. The retainer is

only for accepting your case and making our services available to you. The $12,000[.00] retainer fee will not be refunded to you." The contract also provided that "in addition to these fees, out-of-pocket expenses directly attributable to your case are to be paid by you." Randolph paid not only the retainer, but also over $2,000 for transcripts. After respondent was suspended, Randolph retained another attorney who settled her case for $15,000. Randolph asked for a refund from respondent but did not receive it. The panel concluded that respondent's actions violated DR 1-102(A)(3), (4), and (6), and 2-106(A). The panel recommended that respondent be disbarred from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Howard A. Schulman* and *Michael E. Murman,* for relator.

*Nwabueze V. Okocha, pro se.*

_____

**Per Curiam.**

{¶ 10} Respondent has suggested that because he recently filed for bankruptcy in the United States Bankruptcy Court in the Northern District of Ohio, Section 362 of the Bankruptcy Code (Section 362, Title 11, U.S.Code) operates automatically to stay this disciplinary proceeding. This proposition fails. Section 362(b)(4), Title 11, U.S.Code specifically exempts from the bankruptcy stay "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." This court is a governmental unit; our actions to regulate the bar are an exercise of our regulatory power. Cf. *Wade v. State Bar of Arizona* (C.A.9, 1991), 948 F.2d 1122 (holding that a bankruptcy filing does not stay disciplinary proceedings).

{¶ 11} We adopt the findings of fact and the conclusions of the board. In each of the three disciplinary matters considered by the board, respondent entered into a contract that provided he receive a fee of forty percent of any money realized

and a nonrefundable retainer. In addition, each contract indicated that the client would be responsible for the expenses of the case. It is clear from the contracts and from respondent's dealings with his clients that respondent regarded the nonrefundable retainer as earned upon receipt and that it was not held by respondent as security for fees or for an advance on expenses.

{¶ 12} Recently in *Columbus Bar Assn. v. Klos* (1998), 81 Ohio St.3d 486, 692 N.E.2d 565, and earlier in *Cincinnati Bar Assn. v. Schultz* (1994), 71 Ohio St.3d 383, 643 N.E.2d 1139, we criticized earned-upon-receipt retainers. We found such retainers to be appropriate only in very limited circumstances, such as an engagement to remain available and forgo employment by a competitor of the client. Where not made within this narrow limit, an advance payment still may be appropriate to serve as security for the attorney who provides services for a new or financially unstable client.

{¶ 13} In these cases, however, respondent met none of these tests. There was no likelihood that the employers would engage respondent to defend against the claims of Hagins, Wilkerson, and Randolph. Because respondent was not required to turn down work from employers that would conflict with his engagement by these clients, the retainers he requested would be appropriate only if they served as advance payments to provide security for respondent. But respondent did not apply the retainers to reduce either his fees or the expenses he incurred. In short, respondent's earned-upon-receipt retainer in each of these cases was unrelated to any legal services he might perform or be precluded from performing. They therefore constituted excessive fees.

{¶ 14} Additionally, respondent overstated his expenses and charged clients for expenses that he had not incurred.

{¶ 15} As we said in *Toledo Bar Assn. v. Batt* (1997), 78 Ohio St.3d 189, 677 N.E.2d 349, obtaining fees by padding client bills with hours not worked (and in this case by charging for expenses not incurred) is equivalent to misappropriation

of the funds of a client and warrants disbarment. Considering this case and respondent's prior discipline, we adopt the recommendation of the board. Respondent is disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————