[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 308.]

CLEVELAND BAR ASSOCIATION *v.* WANGUL.

[Cite as *Cleveland Bar Assn. v. Wangul*, 1998-Ohio-89.]

*Attorneys at law—Misconduct—Permanent disbarment—Misappropriation of client funds.*

(No. 98-755—Submitted June 10, 1998—Decided September 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-94.

————————————

{¶ 1} On December 9, 1996, relator, Cleveland Bar Association, filed a complaint charging that respondent, Victor Wangul of Parma Heights, Ohio, Attorney Registration No. 0036788, violated several Disciplinary Rules while representing the estates of Steve Pitorek and Helen Solanics. When relator's attempts to serve respondent at his last known address were unsuccessful, relator served the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Respondent failed to answer or otherwise plead within the time permitted by rule, and relator's motion for a default judgment was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on the exhibits and the affidavits attached to the motion, the panel found that in February 1992, while respondent represented the estate of Helen Solanics, whose executor had been Steve Pitorek, he was appointed executor without bond of Pitorek's estate. During the administration of both estates, respondent transferred $16,000 from the Pitorek estate to the estate of Solanics, wrote checks to himself from the Pitorek estate, and commingled estate accounts with payable-on-death accounts in the Pitorek estate. After respondent failed to file an accounting and was removed as executor of the Pitorek estate, the probate court, in April 1993, appointed Mary Haas McGraw as successor administrator.

**{¶ 3}** In October 1993, the probate court entered judgment surcharging respondent in the amount of $102,675, representing funds which respondent improperly withdrew from the Pitorek estate during the course of his administration, and $3,361.95 for attorney fees and expenses of the successor administrator. Just prior to the surcharge order, respondent admitted to McGraw that he owed the money to the estate and claimed that he would repay it. Since that time respondent has not contacted McGraw.

**{¶ 4}** The panel concluded that respondent's conduct violated DR 1-102(A)(3) (a lawyer shall not engage in conduct involving moral turpitude), (4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him), and 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage his client). The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

—————————————

*Donald Cybulski,* for relator.

—————————————

**Per Curiam.**

**{¶ 5}** We adopt the findings and conclusions of the board. The appropriate sanction for misappropriation of client funds is disbarment. *Toledo Bar Assn. v. Batt* (1997), 78 Ohio St.3d 189, 677 N.E.2d 349, and cases cited therein. We find no mitigating circumstances here which would cause us to deviate from imposing that sanction. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent.

_____