CLEVELAND BAR ASSOCIATION *v.* RAMOS.

[Cite as *Cleveland Bar Assn. v. Ramos,*
119 Ohio St.3d 36, 2008-Ohio-3235.]

(No. 2008–0389—Submitted March 12, 2008—Decided July 3, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Edgar A. Ramos of Rocky River, Ohio, Attorney Registration No. 0015402, was admitted to the practice of law in Ohio in 1977. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for six months, staying the suspension on remedial conditions, based on findings that he neglected one client's case and failed to properly maintain and account for fees that client advanced. Respondent admitted the misconduct and agreed with the sanction recommended by the board. We agree that respondent violated the Code of Professional Responsibility as found by the board and that a six-month suspension, stayed on conditions, is appropriate.

{¶ 2} Relator, Cleveland Bar Association, charged respondent with three counts of professional misconduct, later dismissing the second count. A panel of three board members considered the case on the parties' consent-to-discipline agreement, filed pursuant to Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Accepting the agreement, the panel found the cited misconduct and recommended the six-month suspension, the stay, and a monitored probation during the stay. The board adopted the findings and recommended sanction.

Misconduct

*Count I*

{¶ 3} Respondent agreed to represent Donald L. Sweet in April 2004 relative to a real estate dispute. They reduced their agreement to writing in May of that year, with Sweet agreeing to pay $150 per hour, plus expenses, for respondent's

services and advancing $2,000. The agreement required respondent to send Sweet monthly invoices detailing legal fees and expenses.

{¶ 4} In August 2004, respondent filed a complaint on Sweet's behalf in Cuyahoga County Common Pleas Court. The defendant moved to dismiss, and respondent filed a brief in opposition. In December 2004, the court converted the defendant's motion to one for summary judgment. In January 2005, the court granted respondent's request for an extension of time to oppose the motion for summary judgment, but he then neglected to file his brief. In May 2005, the trial court granted defendant's motion for summary judgment as unopposed.

{¶ 5} Trying to remedy his neglect, respondent moved the common pleas court to reinstate his client's case and appealed the summary judgment. The trial court denied the motion to reinstate, and the appellate court affirmed the summary judgment.

{¶ 6} Respondent's failure to respond to a motion for summary judgment violated DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter).

### Count III

{¶ 7} Respondent impermissibly deposited Sweet's $2,000 retainer directly into his operating account rather than holding it in his client trust account until earned. He also failed to account to his client as promised with monthly invoices. Respondent thereby violated DR 9–102(A) (requiring a lawyer to deposit funds of client in one or more identifiable bank accounts) and 9–102(B)(3) (requiring a lawyer to maintain complete records and render appropriate accounts of client funds in the lawyer's possession).

### Sanction

{¶ 8} In recommending the six-month stayed suspension as the appropriate sanction for respondent's misconduct, the board found mitigating that respondent has no previous disciplinary infractions. He had rectified his failure to account to Sweet for his services and fees, ultimately repaying his entire fee, and also tried to help Sweet with different options to resolve the real estate dispute. Respondent, who cooperated completely in these proceedings, acknowledged his misconduct. See BCGD Proc.Reg. 10(B)(2)(a), (c), and (d). As an aggravating factor, the board implied that Sweet's advanced age made him a vulnerable client. BCGD Proc.Reg. 10(B)(1)(h).

{¶ 9} We accept the board's recommendation. Respondent is therefore suspended from the practice of law in Ohio for six months; however, the suspension is stayed on the condition that respondent commit no further misconduct and complete a six-month monitored probation under Gov.Bar R. V(9). If respondent

fails to comply with the conditions of the stay and probation, the stay will be lifted, and he will serve the entire six-month suspension.

{¶ 10} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jones Day, Robert S. Faxon, and Justin M. Cernansky, for relator.

Edgar A. Ramos, pro se.