CUYAHOGA COUNTY BAR ASSOCIATION *v.* COOK.

[Cite as *Cuyahoga Cty. Bar Assn. v. Cook,*
121 Ohio St.3d 9, 2009-Ohio-259.]

(No. 2008–1272—Submitted August 26, 2008—Decided January 29, 2009.)

**Per Curiam.**

{¶ 1} Respondent, Gary Cook of Euclid, Ohio, Attorney Registration No. 0021240, was admitted to the practice of law in Ohio in 1976. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for six months, staying the suspension on remedial conditions, based on findings that he charged a clearly excessive fee, failed to deposit unearned fees in a client trust account, and failed to maintain records of client funds in his possession. We agree that respondent violated Disciplinary Rules of the Code of Professional Responsibility as found by the board and that a six-month suspension, stayed on conditions of restitution, continuing legal education, and no further misconduct, is appropriate.

{¶ 2} Relator, Cuyahoga County Bar Association, charged respondent with three counts of professional misconduct involving a single client. A panel of the board heard the case, found respondent in violation of Disciplinary Rules as charged in the third count only, and recommended the six-month, conditionally stayed suspension. The board adopted the panel's findings of misconduct and recommendation.

{¶ 3} The parties have not objected to the board's report.

**Misconduct**

{¶ 4} As to Count III, the board found that respondent had charged a nonrefundable retainer in violation of DR 2–106(A) (prohibiting a lawyer from charging a clearly excessive or illegal fee) and had failed to deposit unearned fees in his client trust account in violation of DR 9–102(A) (requiring a lawyer to maintain client funds in a separate, identifiable account). The board further found respondent in violation of DR 9–102(B)(3) for his failure to maintain complete records of client funds and to render appropriate accounts.

{¶ 5} Respondent committed this misconduct in representing Pauletta Buchanan. Buchanan retained respondent in August 2004 when she was facing a foreclosure action then pending in Cuyahoga County Common Pleas Court. In their fee agreement, respondent promised to represent Buchanan on various legal matters involving her mortgage company and others. The terms of the agreement were that Buchanan would pay respondent a "flat rate retainer" of $4,500 and that respondent would receive 20 percent of any recovery from a counterclaim alleging predatory lending.

{¶ 6} The parties stipulated that Buchanan paid respondent $2,800 toward the $4,500 flat fee, but the invoices, receipts, and other documents presented to substantiate this payment contradicted the stipulations and were inconsistent with each other. The parties also stipulated that respondent did not deposit the funds he received from Buchanan in a client trust account. Respondent suggested that he was entitled to the $4,500, his standard fee in foreclosure cases, because the funds were earned upon receipt. He also estimated having devoted 12 to 15 hours to Buchanan's foreclosure case but conceded that he had not kept careful track of his time.

{¶ 7} "A nonrefundable retainer requires that the client pay for legal services in advance, and permits an attorney to retain the advance payment, irrespective of whether the services contemplated are rendered." 23 Williston on Contracts, (4th Ed.2008), Section 62:2. In finding violations of DR 2–106(A), we have generally disapproved of nonrefundable, earned-upon-receipt legal fees absent a true "general" retainer agreement, one that secures the services of a particular attorney for any contingency and requires the lawyer to forgo employment by a competitor of the client. *Cuyahoga Cty. Bar Assn. v. Okocha* (1998), 83 Ohio St.3d 3, 6, 697 N.E.2d 594 (nonrefundable retainer plus 40 percent contingent fee in a wrongful-discharge case found to be clearly excessive). We have cautioned against charging nonrefundable fees because DR 2–110(A)(3) and successor Rule 1.16(e) of the Rules of Professional Conduct require in all but narrow circumstances that upon withdrawal from representation, a lawyer must return fees that the client has paid in advance and that the lawyer has not earned. See *Columbus Bar Assn. v. Halliburton–Cohen,* 106 Ohio St.3d 98, 2005-Ohio-3956, 832 N.E.2d

42 (nonrefundable retainer found to violate DR 2–106(A) as clearly excessive fee); *Stark Cty. Bar Assn. v. Watterson,* 103 Ohio St.3d 322, 2004-Ohio-4776, 815 N.E.2d 386 (nonrefundable retainer of $2,000 on top of contingent fee found to violate DR 2–106(A)); *Dayton Bar Assn. v. Schram,* 98 Ohio St.3d 512, 2003-Ohio-2063, 787 N.E.2d 1184 ($3,300 nonrefundable retainer found to violate DR 2–106(A)).

{¶ 8} Respondent does not now contest the finding that he violated DR 2–106(A) by charging a flat earned-upon-receipt retainer plus a 20 percent contingent fee. He also does not dispute that he violated DR 9–102(A) by failing to deposit unearned funds in a client trust account. Similarly, respondent does not contest the finding that he violated DR 9–102(B)(3) by failing to maintain records and account for client funds in his possession. We find that he committed this misconduct.

## Sanction

{¶ 9} The board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 10} Respondent's prior disciplinary record weighed against him. See BCGD Proc.Reg. 10(B)(1)(a). Respondent was convicted of a felony for assisting his client in transactions funded by the client's illicit drug sales. Respondent admitted that he had acted with "reckless disregard" for the truth as to the source of the funds. We suspended him from practice in February 1999 on an interim basis because of his conviction, see Gov.Bar R. V(5)(A)(4), and then completed the disciplinary process in May 2000 by imposing a six-month suspension with credit for the year his license had already been under suspension. *Disciplinary Counsel v. Cook* (2000), 89 Ohio St.3d 80, 728 N.E.2d 1054. Mitigating factors include that, on balance, respondent cooperated in this disciplinary action. BCGD Proc.Reg. 10(B)(2)(d).

{¶ 11} Relator proposed a one-year suspension from practice with a six-month stay on conditions that respondent (1) pay $2,800 in restitution to Buchanan, (2) complete six hours of continuing legal education ("CLE") in law-office management, and (3) commit no further disciplinary violations during the one-year period. Respondent proposed dismissal of the complaint or, in the alternative, a six-month suspension, all stayed on the condition that he repay Buchanan $1,000 in restitution. Crafting their recommendation with elements of both proposals, the panel and board recommended a six-month suspension, stayed on condition that within the six-month period, respondent pay $1,000 in restitution, complete the six hours of CLE, and commit no further misconduct.

{¶ 12} The recommended six-month suspension, stayed on remedial conditions is commensurate with *Cincinnati Bar Assn. v. Witt,* 103 Ohio St.3d 434, 2004-Ohio-5463, 816 N.E.2d 1036 (stayed six-month suspension ordered for an attorney who told his clients that his fees were earned upon receipt and often made cash withdrawals from his client trust account without appropriate recordkeeping). Respondent is suspended from the practice of law in Ohio for six months; however, the suspension is stayed on the conditions that he reimburse Buchanan $1,000 with interest at the judgment rate within the six-month suspension period, take six hours of CLE in law-office management in addition to the requirements of Gov.Bar R. X, and commit no further misconduct. If respondent violates the terms of the stay, the stay will be lifted, and respondent will serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Ellen S. Mandell, Bar Counsel, and Blaise Giusto, for relator.

James Alexander Jr., for respondent.