CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. SLIWINSKI.

[Cite as *Cleveland Metro. Bar Assn. v. Sliwinski,* 134 Ohio St.3d 368, 2012-Ohio-5640.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to set forth a contingent-fee agreement in writing signed by a client, failing to promptly refund an unearned fee upon a lawyer's withdrawal from representation of a client, and failing to keep complete records of a trust account—Six-month suspension, stayed on conditions.*

(No. 2012-1009—Submitted August 22, 2012—Decided December 5, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-034.

_____

**Per Curiam**.

{¶ 1} Respondent, Teddy Sliwinski of Cleveland, Ohio, Attorney Registration No. 0024901, was admitted to the bar in 1976. He was and is a solo practitioner, with a general practice in the Slavic Village area of Cleveland. On October 5, 2011, relator, Cleveland Metropolitan Bar Association, filed an amended complaint, alleging that Sliwinski failed to reduce contingent-fee agreements to writing and mishandled client funds, in part by failing to properly maintain his client trust account.

{¶ 2} The parties submitted agreed stipulations that included stipulated findings of fact and stipulations to some, but not all, of the alleged misconduct. After a hearing, the panel found that Sliwinski had engaged in the stipulated misconduct, as well as in some misconduct not stipulated in the agreement. It recommended a six-month stayed suspension on the conditions that a monitor

oversee Sliwinski's accounting practices during the stay and that he refund to one client a filing fee that he had collected and had not returned.

{¶ 3} The board adopted the panel's findings of fact and misconduct and agreed with the panel's recommended sanction, although it also recommended that the costs be taxed to Sliwinski.

{¶ 4} For the reasons that follow, we adopt the board's recommendation and suspend Sliwinski from the practice of law for six months, all stayed on the conditions that his accounting practices be monitored during the stayed suspension and that he refund the filing fee collected and not returned.

### Misconduct

### Count One—Representation of Lech Mikolajczyk

{¶ 5} Sliwinski stipulated that he undertook to represent Lech Mikolajczyk, who had been injured in an automobile accident. Sliwinski represented him on a contingent-fee basis for $33^{1/3}$ percent of any funds recovered by Mikolajczyk. This arrangement was not reduced to writing.

{¶ 6} Sliwinski filed suit on Mikolajczyk's behalf and settled with the defendant's insurance company for $10,500. On or about June 10, 2009, Sliwinski received a settlement check. On or about August 1, 2009, he remitted $1,391.50[1] to Mikolajczyk with a settlement statement that stated that $3,150, or 30 percent, had been applied to Sliwinski's fee, $125.80 had been used to pay litigation expenses, $3,292 had been paid to a treating therapist, and $2,540.70[2] had been retained by Sliwinski to pay for charges at Marymount Hospital.

{¶ 7} Sliwinski, however, had withdrawn the entire amount of Mikolajczyk's settlement from the bank account into which the check had been deposited. In addition to the amount remitted to Mikolajczyk, he paid himself the

---

1. This represents $.80 in favor of the client, later accounted for.

2. The amount reflected in the settlement statement was $2,541.50. The $2,540.70 amount accounts for the extra $.80 paid to Mikolajczyk.

$3,150 fee and paid $3,292 to the therapist. The remaining portion of the settlement, or $2,540.70, which was to have been retained to pay Marymount Hospital, was not paid to any provider, nor was it deposited in any trust account. Sliwinski did not pay Mikolajczyk the money owed to him, $2,540.70, until March 20, 2012.

{¶ 8} Sliwinski stipulated that the acts and omissions in Count One constitute a violation of Prof.Cond.R. 1.5(c)(1) (requiring an attorney to have set forth a contingent-fee agreement in a writing signed by the client), and relator agreed to dismiss the other alleged violations in this count.

**Count Two—Representation of Dariusz Rejniak**

{¶ 9} Sliwinski stipulated that he undertook the representation of Dariusz Rejniak of Lodz, Poland, who was vacationing in Cleveland when he was injured in an automobile accident. Sliwinski represented Rejniak on a contingency basis for $33^{1/3}$ percent of any judgment to Rejniak, but the agreement was never reduced to writing. Sliwinski reached a settlement with the insurer of the other driver for $9,000. On or about September 13, 2009, Sliwinski received $9,000 from the insurer. This amount was deposited in Sliwinski's trust account, but Sliwinski almost immediately withdrew it.

{¶ 10} In August 2009, Sliwinski sent a settlement statement to Rejniak, with a check from his client trust account for $1,123.20. The statement declared that Sliwinski had taken a contingent fee of $3,000 and that $4,751 was used for fees to Rejniak's health-care providers. Litigation expenses were $125.80. Rejniak could not cash the check in Poland, so Sliwinski put a stop-payment on it and sent him a certified check at the end of September 2009.

{¶ 11} In February 2010, on learning that some of Rejniak's medical expenses had been paid by his Polish insurer, Sliwinski paid Rejniak's agent, Teresa Mikolajczyk, the remaining amount, $1,969.

**{¶ 12}** Sliwinski stipulated that the acts and omissions in Count Two constitute violations of Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property) and 1.5(c)(1), and relator agreed to dismiss the other alleged violations in this count.

**Count Three—Representation of Kazimierz Chruscik**

**{¶ 13}** The panel and board found that in February 2009, Sliwinski agreed to represent Kazimierz Chruscik regarding creditor demands. Sliwinski agreed to file a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Ohio.

**{¶ 14}** Chruscik testified that in 2008, Sliwinski had helped him with his divorce. Because he was friends with both Chruscik and his wife, Sliwinski did not feel that he could represent Chruscik in the divorce. However, he referred him to a divorce lawyer, drove him to appointments with the lawyer, and appeared in court to translate during the divorce proceedings.

**{¶ 15}** The board and panel found, based on the stipulations, that Sliwinski had quoted Chruscik the sum of $1,400 for the fees and court costs of his bankruptcy case, which was a discount from his usual fee. Chruscik paid this amount in installments over several weeks. No written agreement was executed as to this fee. Chruscik delivered some bills and creditor correspondence that Sliwinski had requested to prepare the bankruptcy filing.

**{¶ 16}** The panel and board also found, based on the stipulations, that Sliwinski never filed the bankruptcy case. Sliwinski expended considerable time and effort preparing the bankruptcy case but was never able to file it because Chruscik never gave him the paperwork necessary for filing.

**{¶ 17}** Chruscik demanded the return of his file, papers, and fees. On May 28, 2009, when Chruscik appeared at Sliwinski's office and asked for the file, Sliwinski presented Chruscik with a statement.

**{¶ 18}** The parties stipulated, and the panel and board found, that the statement was titled "final statement" and that it reflected payments of $1,249, less than the amount paid by Chruscik. The parties stipulated, and the panel and board found, that it also contained an accounting of $3,312 for services allegedly rendered on the bankruptcy matter and $2,100 for fees in connection with Chruscik's divorce case, in which Sliwinski was not engaged as counsel.

**{¶ 19}** However, the document in question is titled "statement." It does reflect payments of $1,249. But the document reflects a total accounting of $3,312, of which $1,476 was for the bankruptcy matter and $1,836 was for the divorce matter. Sliwinski had only estimated the fees because he did not maintain records of time expended on various client matters.

**{¶ 20}** The parties also stipulated, and the panel and board found, that Chruscik protested the "statement" and again demanded the return of unearned fees and costs. He terminated Sliwinski's engagement and filed a pro se bankruptcy petition, receiving a discharge in June 2009.

**{¶ 21}** Sliwinski did not, at any time, deposit the $1,400 paid by Chruscik into a client trust account. Sliwinski also refused to return $299, the amount paid by Chruscik for the filing fee in bankruptcy court.

**{¶ 22}** Relator alleged, but Sliwinski did not stipulate, that these acts and omissions constitute a violation of Prof.Cond.R. 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee). The panel and board found insufficient evidence to support the allegation and recommends dismissal of the charge.

**{¶ 23}** Relator also alleged a violation of Prof.Cond.R. 1.16(e) (requiring a lawyer to promptly refund any unearned fee on the lawyer's withdrawal from employment). The panel and board found clear and convincing evidence to support this violation.

**{¶ 24}** Relator earlier agreed to dismiss the other alleged violations in this count.

**Count Four—Client-Trust-Account Violations**

**{¶ 25}** Throughout 2009 and 2010, Sliwinski's client trust account was used to pay personal and office expenses. Sliwinski did not keep any record of the purpose of the various checks and withdrawals or the source of deposits. Moreover, Sliwinski has maintained his client trust account without any records of the balance due any client or the monthly reconciliation of accounts.

**{¶ 26}** Sliwinski stipulated that the acts and omissions in Count Four constitute violations of Prof.Cond.R. 1.15(a), 1.15(a)(2) (requiring a lawyer to maintain a record for each client on whose behalf funds are held), and 1.15(a)(5) (requiring a lawyer to perform and retain a monthly reconciliation of the funds held in the lawyer's client trust account).

**{¶ 27}** We adopt the findings of facts and misconduct as stipulated by the parties and found by the panel and board in Counts One, Two, and Four. As to Count Three, we adopt the panel and board's findings of fact and misconduct.

**Sanction**

**{¶ 28}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 29}** The parties stipulated to several mitigating circumstances, including that Sliwinski has no prior disciplinary record, that he has cooperated with relator, and that he has distributed the remaining funds to Mikolajczyk. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), and (d). The panel and board also found as a

mitigating factor that Sliwinski had no dishonest or selfish motive. *See* BCGD Proc.Reg. 10(B)(2)(b). The panel and board found that Sliwinski's failure to properly maintain a client trust account necessarily involved a pattern of misconduct. *See* BCGD Proc.Reg. 10(B)(1)(c).

{¶ 30} Relator recommended a 6- to 12-month stayed suspension with the condition that a monitor be appointed to oversee Sliwinski's accounting practices. Sliwinski has been given guidance by relator on maintaining a client trust account and claims that he is now in full compliance. He is committed to complying with any sanction imposed.

{¶ 31} The panel and board recommend that Sliwinski be suspended for six months, stayed on the condition that his accounting practices be subject to a monitor appointed by relator during the stayed suspension. The board and panel also recommend that Sliwinski be ordered to make restitution of $299 to Chruscik for the filing fee that he collected and failed to return. The board also recommends that the costs of these proceedings be taxed to Sliwinski.

{¶ 32} The recommended sanction is in line with the sanctions we have imposed in cases with similar misconduct. *See, e.g.*, *Columbus Bar Assn. v. Halliburton-Cohen*, 106 Ohio St.3d 98, 2005-Ohio-3956, 832 N.E.2d 42 (imposing a six-month stayed suspension on an attorney who charged a clearly excessive fee in the form of a "lost opportunity fee" and failed to refund fees on her withdrawal from representation); *Cleveland Bar Assn. v. Ramos*, 119 Ohio St.3d 36, 2008-Ohio-3235, 891 N.E.2d 730 (imposing a six-month stayed suspension on an attorney who neglected one client's case and failed to properly maintain and account for fees that the client had advanced); *Cuyahoga Cty. Bar Assn. v. Cook*, 121 Ohio St.3d 9, 2009-Ohio-259, 901 N.E.2d 225 (imposing a six-month stayed suspension on an attorney who charged a flat earned-upon-receipt retainer plus a 20 percent contingent fee, failed to deposit unearned funds in a client trust account, and failed to maintain records and account for client

funds in his possession); *Cincinnati Bar Assn. v. Witt*, 103 Ohio St.3d 434, 2004-Ohio-5463, 816 N.E.2d 1036 (imposing a stayed six-month suspension on an attorney who told his clients that his fees were earned upon receipt and often made cash withdrawals from his client trust account without appropriate recordkeeping).

**{¶ 33}** Therefore, based on the foregoing, we find that the six-month stayed suspension recommended by the board is the appropriate sanction for Sliwinski's misconduct. Accordingly, Teddy Sliwinski is suspended from the practice of law in Ohio for six months, all stayed on the conditions that he make restitution of $299 to Chruscik within 30 days of this order, that his accounting practices be subject to a monitor appointed by relator in accordance with Gov.Bar R. V(9) for the duration of the stayed suspension, and that he commit no further misconduct. If Sliwinski fails to comply with the conditions of the stay, the stay will be lifted, and he will serve the full six-month suspension. Costs are taxed to Sliwinski.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Heather M. Zirke, Bar Counsel, and Michael Hughes, for relator.

Teddy Sliwinski, pro se.

_____